UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J.F. and R.C., individually and on behalf of their child, L.F.,

        Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

        Defendant.

24-CV-3707 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiffs J.F. and R.C. (each a "Parent," and collectively "Parents" or "Plaintiffs") are the legal guardians of L.F.—a child with disabilities as recognized by the Individuals with Disabilities Education Improvement Act of 2004 (the "IDEA"), 20 U.S.C. § 1400, *et seq.* Parents filed a due process complaint against Defendant New York City Department of Education alleging that L.F. had been deprived of a free appropriate public education (a "FAPE"), as required by the IDEA, for each school year from 2009 through 2020. After a merits hearing, an impartial hearing officer found that Plaintiffs were entitled to certain reimbursements and other compensatory relief. Plaintiffs, however, now contend that Defendant has not fully complied with that directive, and bring this action seeking attorney's fees and costs and an order from this Court to compel Defendant's compliance with the impartial hearing officer's order.

  Before the Court are cross motions for summary judgment. As set forth below, the Court finds that Plaintiffs are entitled to summary judgment on the reimbursements they seek, but declines to award prejudgment interest. Additionally, because Plaintiffs prevailed at the administrative stage, they are entitled to attorney's fees and costs incurred in connection with

those proceedings. Plaintiffs will be permitted to submit a forthcoming fee application as a result. The cross motions are therefore GRANTED in part and DENIED in part.

## BACKGROUND

### I.     IDEA Statutory Framework

Under the Individuals with Disabilities Education Act (the "IDEA"), states receiving federal special education funding are required to provide free appropriate public education ("FAPE") to children with disabilities. 20 U.S.C. § 1400(d)(1)(A); *see also T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 151 (2d Cir. 2014). To provide a FAPE to each student with a disability, a school district must develop an individualized education program ("IEP") that is "reasonably calculated to enable the child to receive educational benefits." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020) (quoting *T.M. ex rel. A.M.*, 752 F.3d at 151).

"The IDEA also requires states to provide an administrative procedure for parents to challenge the adequacy of their children's IEPs." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023) (citing 20 U.S.C. § 1415(b)(6)). New York has implemented a two-tier system of administrative review. N.Y. EDUC. LAW § 4404; *see also Ventura de Paulino*, 959 F.3d at 526. In the first tier, a parent can file an administrative due process complaint ("DPC") challenging the IEP and requesting a hearing before an impartial hearing officer ("IHO"). *Id.* In the second tier, parties aggrieved by the IHO's decision can appeal the decision to a state review officer ("SRO"). *Id.*; *see also R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012) (explaining the two-tier process). "Once the state review officer makes a final decision, the aggrieved party may seek judicial review of that decision in a state or federal trial court." *Ventura de Paulino*, 959 F.3d at 526; *see* 20 U.S.C. § 1415(i)(2)(A).

Plaintiffs "may seek to enforce their IDEA claim under § 1983, under which [the federal courts] ha[ve] subject matter jurisdiction to enforce favorable administrative decisions rendered under the provisions of the IDEA." *Rutherford v. Fla. Union Free Sch. Dist.*, No. 16-CV-9778 (KMK), 2019 WL 1437823, at *25 (S.D.N.Y. Mar. 29, 2019) (citation omitted).

II.     **Factual Background**

The following summary is taken from the parties' Rule 56.1 statements and other filings on these motions. The facts are either undisputed or based on evidence in the administrative record.

L.F. has been diagnosed with ADHD, specific learning disabilities with impairment in reading, major depressive disorder, and generalized anxiety disorder. ECF No. 16-6 at 3. L.F. attended a DOE school in Brooklyn during the 2009–10 through 2013–14 school years. *Id.* L.F. attended "New Voices," a DOE public school, for middle school from 2014–15 through 2016–17. *Id.* at 4. When L.F. began high school, she underwent a neuropsychological evaluation which provided recommendations on an appropriate program and school placement. *Id.* An IEP meeting was held in November 2018. Parents disagreed with DOE's IEP recommendation and instead enrolled L.F. at Fusion Academy for the summer session of 2019–20 and the 2019–20 full school year. *Id.*

On November 4, 2020, Plaintiffs, who are legal guardians of L.F., filed a due process complaint against Defendant New York City Department of Education ("Defendant" or "DOE") alleging, among other things, that Defendant denied their child, L.F., a free appropriate public education (FAPE) for the 2009–2010, 2010–2011, 2011–2012, 2012–2013, 2013–2014, 2014–2015, 2015–2016, 2016–2017, 2017–2018, 2018–2019, and 2019–2020 school years (the "Applicable SYs"). ECF No. 18 ("Joint SMF") ¶ 1. DOE's Impartial Hearing Office assigned the complaint case number 203563 by. *Id.* ¶ 2.

IHO Sharyn Finkelstein held a two-day merits hearing regarding Case No. 203563. *Id.* ¶ 3. On January 29, 2022, IHO Finkelstein issued a findings of fact and decision (the "FOFD"). *Id.* ¶ 4. According to the FOFD, Parents engaged in significant self-help as the result of DOE's failures and sought reimbursement for: "$15,628.62 for Dr. Belinda Bellet's parent training and therapy, $20,950 for therapeutic academic assistance from Dr. Erica Miller,[1] reimbursement for psychiatric services from Dr. Lops, $12,937.50 for tutoring services obtained from the Brooklyn Learning Center, and $5,000 for the private neuropsychological conducted by Dr. Kristin Klahr from the Brooklyn Learning Center." ECF No. 16-6 at 5. L.F.'s parent testified to confirm the amount of out-of-pocket expenses as to Brooklyn Learning Center ("BLC"), Dr. Miller, and Fusion. ECF No. 16-5 at 142:5–144:8.

IHO Finkelstein also noted that DOE generally failed to put on a case or otherwise challenge Parents' claims. ECF No. 16-6 at 9. DOE presented no evidence and produced no witnesses, and did not submit any type of opening or closing. *Id.* at 5. As a result, IHO Finkelstein concluded that DOE failed to provide a FAPE to L.F. for the 2009–2010 through 2019–2020 school years (the Applicable SYs). ECF No. 16-6 at 9–10. She ordered Defendant to, among other things:

1. "provide [L.F.] with a bank of four hundred (400) hours of tutoring services at market rate[.] Parent may choose the provider and arrange for services to be provided at times suitable for Parent and provider";
2. "reimburse Parents for tuition at Fusion Academy during time when [L.F.] attended. Parents shall submit invoice, proof of payment and evidence of attendance. DOE shall not be responsible for any tuition after [L.F.] stopped attending on a permanent basis";

---

[1] Dr. Erica Miller is a licensed psychologist and was initially L.F.'s homework therapist in early 2017. ECF No. 16-6 at 13.

4

3. "reimburse Parents for the cost of the neuropsychological ($5,000) upon evidence of payment and invoice";

4. "reimburse Parents for the costs of Dr. Miller's services upon evidence of invoice and payment"; and

5. "reimburse Parents for the costs of tutoring from Brooklyn Learning Center upon evidence of invoice and payment."

ECF No. 16-6 at 15–16. The bank of 400 hours of tutoring services was "to assist [L.F.] in obtaining the credits necessary to graduate high school" beyond the Applicable SYs. *Id.* at 12. IHO Finkelstein, however, denied reimbursement for services from Dr. Bellet and psychiatric services from Dr. Lops. ECF No. 16-6 at 13. Neither party appealed the FOFD. Joint SMF ¶ 5.

On June 8, 2023, Plaintiffs submitted evidence of invoice and payment for the reimbursements ordered by IHO Finkelstein in the FOFD. Joint SMF ¶ 6. Plaintiffs submitted the evidence to DOE's Impartial Hearing Office Implementation Unit ("IHOIU") for reimbursements. *Id.* In order for DOE to review and process payments pursuant to administrative orders, DOE must obtain documents detailing the services received and the amounts billed for those services. ECF No. 23-1 ¶ 4. Thereafter, DOE reviews the documents for completeness and funding parameters. *Id.* ¶ 5. The record indicates that Defendant has made the following payments:

- $21,650 for Dr. Miller's tutoring services during the Applicable SYs (Joint SMF ¶ 7; ECF No. 23-1 ¶ 8);

- $2,500 for L.F.'s neuropsychological evaluation (Defendant notes the remaining $2,500 has not been paid due to lack of proof of invoice and payment, *see* Joint SMF ¶ 7; ECF No. 23-1 ¶ 8);

5

- $12,937.50 for services obtained from BLC in 2018 and 2019 (Joint SMF ¶ 8; ECF No. 23-1 ¶ 8);

- $9,625.00 for compensatory tutoring provided by Dr. Miller between April and October 2022 (Joint SMF ¶ 10; ECF No. 23-1 ¶ 8); and

- $39,240 for Fusion Academy tuition for the 2019–20 school year (ECF No. 23-1 ¶ 8).

According to DOE, reviewing and processing payments pursuant to administrative orders is an ongoing and individualized process, and as to each student, DOE must obtain documents detailing services received and amounts billed in order to process a reimbursement. ECF No. 23-1 ¶ 4.

Still, Plaintiffs claim there remain outstanding payment obligations. They have provided a chart (broken down by category) purporting to reflect: (1) the amount they are entitled to pursuant to the FOFD; (2) the amount received from DOE to date; and (3) the amount outstanding. ECF No. 16-1 at 5–6. According to that chart, DOE still owes Plaintiffs around $40,000, which includes $25,620 in costs Plaintiffs incurred for BLC, $6,575 in costs Plaintiffs incurred for Dr. Miller, and $7,502 in tutoring reimbursements. *Id.* However, Defendant disputes the chart's accuracy. Plaintiffs assert they have faced significant financial hardship as the result of DOE's delay. ECF No. 16-7 ¶ 15.

### III.     Procedural History

Plaintiffs filed this action on May 14, 2024 pursuant to the IDEA seeking attorney's fees and costs and an order from this Court to compel Defendant's compliance with IHO Finkelstein's January 2022 FOFD. ECF No. 1. Defendant filed an answer to the complaint on July 19, 2024 largely denying the allegations in the complaint. ECF No. 13. Plaintiffs filed the instant partial summary judgment motion on November 15, 2024. ECF Nos. 16, 17 ("Mem."). Defendant filed an opposition and a cross motion for summary judgment on December 20, 2024. ECF No. 23.

**LEGAL STANDARD**

"In a district court proceeding under the IDEA, the parties and the court typically style the decision as a ruling on a motion for summary judgment, but 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'" *Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 165 (2d Cir. 2021) (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012)). "The district court therefore 'engages in an independent review of the administrative record and makes a determination based on a preponderance of the evidence.'" *Id.* (alterations adopted) (quoting *M.H.*, 685 F.3d at 240).

In conducting this independent review, the court "must give due weight to the state administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Id.* (alteration adopted) (quoting *M.H.*, 685 F.3d at 240). "On issues of law, however, such as the proper interpretation of the federal statute and its requirements, courts owe no deference to state hearing officers." *Id.* (internal citation and quotation marks omitted).

**DISCUSSION**

The IDEA requires state and local education agencies to provide students with disabilities with special education and "related services," including "transportation . . . as may be required to assist a child with a disability to benefit from special education." 20 U.S.C. § 1401(26)(A). However, the statute provides no other guidance or instruction regarding an agency's specific obligations in any given situation. And so where, as here, the IHO has issued an FOFD ordering such reimbursement (and neither party appealed that decision), "the sole source of the DOE's reimbursement obligations . . . is the applicable administrative order." *Donohue v. Banks*, No. 22-CV-8998 (JPC), 2023 WL 6386014, at *7 (S.D.N.Y. Sept. 30, 2023) (internal citation omitted).

Neither party appealed IHO Finkelstein's FOFD. And neither party disputes that Plaintiffs are entitled to certain reimbursements pursuant to the FOFD. Rather, the instant case presents only two narrow questions of law: (1) whether the FOFD issued by IHO Finkelstein covers, or applies to, certain reimbursements presently sought by Plaintiffs; and (2) whether Plaintiffs are entitled to prejudgment interest on any such reimbursements. Resolving these issues will require little more than a straightforward interpretation of the FOFD and applicable law.

As set forth below, the Court finds that Plaintiffs are entitled to their claimed reimbursements, but not any prejudgment interest.

## I.   The Court May Exercise Subject Matter Jurisdiction[2]

As an initial matter, the Court confirms that it may properly exercise jurisdiction over this matter. Plaintiffs filed this action alleging that this Court has subject matter jurisdiction pursuant to the IDEA, 34 C.F.R. §§ 300.516 and 300.517, and 28 U.S.C. §§ 1331 and 1367. ECF No. 1 ¶ 7. However, the parties agree that they never appealed the FOFD, and do not seek relief *from* the FOFD, which they acknowledge is binding. Rather, Plaintiffs seek to enforce the FOFD against Defendant. Courts have recognized that the ability to enforce an IDEA administrative order emanates from 42 U.S.C § 1983, not the IDEA. *See, e.g., Araujo v. New York City Dep't of Educ.*, No. 20-CV-7032 (LGS), 2023 WL 5097982, at *4 (S.D.N.Y. Aug. 9, 2023) ("IDEA implementation violations generally are redressable through § 1983 actions."); *V.B. v. New York*

---

[2] It is also undisputed that the Court has subject matter jurisdiction to award attorney's fees and costs pursuant to the IDEA. 20 U.S.C. § 1415(i)(3) governs awards of attorney's fees in IDEA cases. Generally, a court has discretion to award reasonable fees to a prevailing party who, like Plaintiffs, are the parents of a child with a disability. *Id.* § 1415(i)(3)(B)(i); *see also A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 75 (2d Cir. 2005) (noting that a plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding is a "prevailing party."); *see generally M.H. v. New York City Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031 at *6–31 (S.D.N.Y. Oct. 13, 2021), *aff'd sub nom. H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023) (exercising jurisdiction to consider motion for attorney's fees and costs incurred in connection with administrative proceeding).

*City Dep't of Educ.*, No. 22-CV-9555 (RA), 2024 WL 1120033, at *4 (S.D.N.Y. Mar. 14, 2024) (recognizing that court lacked jurisdiction under IDEA to consider plaintiff's request to enforce IHO, but did have jurisdiction under Section 1983); *M.H. v. New York City Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031, at *31 (S.D.N.Y. Oct. 13, 2021), *aff'd sub nom. H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023) (similar and collecting cases). Plaintiffs have asked this Court to exercise jurisdiction pursuant to Section 1983, ECF No. 1 ¶¶ 25–32, and Defendant does not dispute or otherwise challenge that contention. As such, the Court agrees that it has subject matter jurisdiction in this case.

However, for the avoidance of doubt, the Court makes clear that it understands Plaintiffs to *only* seek interpretation and enforcement of the final FOFD, not alteration, reversal of, or release from the FOFD. The Court would lack jurisdiction to grant this relief given that Plaintiffs did not exhaust their administrative remedies as required by the IDEA (because neither party appealed the FOFD to an SRO). *See, e.g., Phillips v. Aviles-Ramos*, No. 23-CV-2140 (JPC) (JW), 2025 WL 934342, at *8 (S.D.N.Y. Mar. 27, 2025), *reconsideration denied*, No. 23-CV-2140 (JPC), 2025 WL 1547490 (S.D.N.Y. May 29, 2025) (finding that plaintiffs failed to exhaust remedies as to certain claims by failing to appeal to SRO, and that none of the exceptions recognized in this Circuit would apply); *see also Avaras v. Clarkstown Cent. Sch. Dist.*, No. 18-CV-6964 (NSR), 2019 WL 4600870, at *10 (S.D.N.Y. Sept. 21, 2019) ("Courts in this [C]ircuit have consistently held that a party that does not timely appeal an IHO's decision to the SRO. . . has failed to exhaust administrative remedies under the IDEA.") (collecting cases).

Therefore, for the purposes of this Order, the Court solely considers the issue of Defendant's compliance with its obligations under the FOFD.

## II. Interpretation of DOE's Reimbursement Obligations under the FOFD

The parties dispute Plaintiffs' right to reimbursement for Dr. Erica Miller and BLC's services. Defendant argues that the FOFD limits reimbursement to only the amounts that Plaintiffs specifically identified and requested at the merits hearing. ECF No. 24 at 6–8. Defendant also argues that Plaintiffs may not seek reimbursement for services rendered outside the Applicable SYs because they would be outside the scope of the FOFD. *Id.* Plaintiffs, on the other hand, point out that the FOFD provided for reimbursement "upon evidence of invoice and payment," and note that the IHO's failure to state a specific figure means that their reimbursements need not be limited as Defendant suggests. ECF No. 17 at 7–8.

Neither party has set forth a fully plausible interpretation of the FOFD. On the one hand, completely embracing Plaintiffs' interpretation would produce absurd results. Indeed, according to Plaintiffs, because the FOFD did not expressly state it was limited just to the Applicable SYs, it would mean that Plaintiffs could seek reimbursements, indefinitely and without restriction, so long as they just furnish invoices. The Court rejects that interpretation as implausible, and construes the FOFD as only authorizing reimbursement for costs incurred during the "self-help" period—i.e., during the Applicable SYs.[3] Furthermore, the IHO awarded a 400-hour bank of tutoring services that remained valid for two years, indicating that the IHO contemplated this award covering any additional needs beyond the Applicable SYs to assist L.F. in graduating. ECF No. 16-6 at 15.

---

[3] Neither *Donohue* nor *L.V.*, both cited by Plaintiffs, support a different result. Indeed, *Donohue* undermines Plaintiffs' position, where the court refused to "deviate from the plain language of the administrative orders" and instead fashioned relief based on its "precise language." *Donohue v. Banks*, No. 22-CV-8998 (JPC), 2023 WL 6386014, at *9 (S.D.N.Y. Sept. 30, 2023). And *L.V.* involved an instance where the DOE admitted to not complying with the relevant administrative orders. *L.V. v. New York City Dep't of Educ.*, No. 03-CV-9917 (LAP), 2021 WL 663718, at *8 (S.D.N.Y. Feb. 18, 2021).

On the other hand, the Court sees no reason to fully embrace Defendant's position that Plaintiffs should be limited to the invoiced amounts quoted at the merits hearing. To the extent Plaintiffs submitted invoices for services rendered during the Applicable SYs, and those amounts happen to be different than the initial estimations, the FOFD does not preclude full reimbursement. If the IHO sought to limit Plaintiffs to the amounts presented at the hearing, the IHO could have enumerated the dollar amounts that Plaintiffs submitted as exhibits. Instead, the FOFD states that DOE must pay Plaintiffs "upon evidence of invoice and payment." ECF No. 16-6 at 15–16. And Defendant has not adduced any evidence calling the authenticity or accuracy of the invoices into question.

The Court therefore construes the FOFD as follows: Parents are entitled to (1) reimbursement for the services Dr. Miller and BLC rendered during the Applicable SYs; and (2) 400 hours of tutoring services that were rendered within two years of the FOFD. Plaintiffs are entitled to reimbursement for Dr. Miller and BLC's services during the Applicable SYs for the full validly invoiced amount, regardless of if that total figure matches the amount presented to the IHO. However, the only prospective relief contemplated by the FOFD was the 400-hour bank. Therefore, any services rendered outside of the Applicable SYs that are unconnected to the two-year, 400-hour tutoring bank would fall outside the scope of the FOFD given, among other things, "[t]he scope of the impartial hearing is limited to the issues raised in the [due process complaint]." ECF No. 16-6 at 6 (citations omitted). The FOFD also noted that "[a]ny issues of allegations not contained within the four corners of [the due process] complaint are not to be considered." *Id.*

The Court therefore construes the FOFD as set forth above in a manner consistent with its plain language. *See Donohue v. Banks*, No. 22-CV-8998 (JPC), 2023 WL 6386014, at *9 (S.D.N.Y. Sept. 30, 2023) (refusing to "deviate from the plain language of the administrative

11

orders" and fashioning relief based on the orders' "precise language."). And because the FOFD's meaning is sufficiently clear and unambiguous, this matter need not be remanded to the IHO for clarification. *Cf. V.B. v. New York City Dep't of Educ.*, No. 22-CV-9555 (RA), 2024 WL 1120033, at *4 (S.D.N.Y. Mar. 14, 2024) (remanding decision to IHO with respect to DOE's obligation for further clarification where both parties offered plausible interpretations).

### III. Plaintiffs Are Entitled to Certain Reimbursements

Applying the above construction of the FOFD, Plaintiffs are entitled to the reimbursements in their motion. According to their chart, Plaintiffs seek $25,620 in costs that Plaintiffs incurred for BLC, $6,575 in costs Plaintiffs incurred for Dr. Miller, and $7,502 in tutoring reimbursements. ECF No. 17 at 6–7. The Court considers each in turn.

First, and undoubtedly, because the $7,502 figure draws from the FOFD-ordered 400-hour compensatory bank, Plaintiffs are entitled to reimbursement for that amount. Defendant has adduced evidence that they have paid for 54.5 of the used compensatory hours "per the FOFD." ECF No. 23-1 ¶ 8. The Court therefore understands this issue to be moot, but to the extent any balance with respect to the $7,502 amount remains outstanding, Defendant has a clear obligation to pay it.

Second, Plaintiffs seek a remaining balance of $6,575 for Dr. Miller's services. ECF No. 17 at 6. Defendant argues that the documentation provided includes services rendered outside the Applicable SYs at issue in the FOFD and therefore such costs are not reimbursable. ECF No. 24 at 6. Plaintiffs counter that Defendant offers "no explanation" for why it has not reimbursed Plaintiffs for Dr. Miller's services that occurred outside the Applicable SYs because they seek reimbursement pursuant to the bank of 400 hours. ECF No. 26 at 7. Following the construction outline above, to the extent Plaintiffs seek reimbursement for Dr. Miller's services rendered *after* the Applicable SYs pursuant to the 400-hours bank, they are entitled to reimbursement.

Defendant acknowledges this fact. ECF No. 27 at 3. Without any other objection to this reimbursement, this amount is compensable under the FOFD.

Third, the parties dispute Plaintiffs' right to reimbursement for services rendered by BLC. The FOFD noted that BLC provided tutoring services to L.F during the Applicable SYs. ECF No. 16-6 at 5, 15. According to the FOFD, Plaintiffs originally sought $12,937.50 for tutoring services obtained from the Brooklyn Learning Center (BLC). ECF No. 16-6 at 5. However, as reflected by the Plaintiffs' chart, they have filed documentation to seek $38,557.50 for BLC tutoring services. ECF No. 16-1 ¶¶ 12–18. Defendant's only objection to this request is that it is beyond what was presented at the hearing. Because the Court rejects this argument, Plaintiffs are entitled to reimbursement.

### IV. Plaintiffs Are Not Entitled to Prejudgment Interest

Plaintiffs also seek prejudgment interest on the reimbursements they are owed under the FOFD in accordance with the statutory method outlined in 28 U.S.C. § 1961. Plaintiffs argue that DOE's delay has caused significant hardship and required them to alter their spending habits significantly and shift expenses to credit cards. ECF No. 17 at 9. The Court declines to award prejudgment interest on the current record.

Generally, interest for money judgments in civil cases is calculated from the date of the judgment and uses the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System" for the calendar week preceding the entry of judgment. 28 U.S.C. § 1961(a). The interest is calculated daily and compounded annually. *Id.* § 1961(b). Prejudgment interest is generally not awarded, but it may be ordered in the Court's discretion to ensure that a plaintiff is fully compensated or to meet the "remedial purpose of the statute involved." *See Wickham Contracting Co., Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 955 F.2d 831, 833–34 (2d Cir. 1992).

A review of the applicable factors indicates that prejudgment interest would not be proper in this case. Factors considered in determining whether prejudgment interest is appropriate include the certainty of the damages due to the plaintiff and whether, in light of the equities and circumstances of the particular case, the damages are speculative. *Wickham*, 955 F.2d at 836. The crux of the pending motions involved a disagreement about the nature and scope of DOE's obligations under the FOFD. As DOE explained, reimbursement demands an ongoing and individualized assessment as to each student, and DOE is generally restricted to making payments only as expressly set forth by the FOFD. Although the Court ultimately finds in Plaintiffs' favor, the parties reasonably disputed the language of the FOFD and therefore, the Court does not find that DOE's delays (or positions taken in this case) were ultimately unreasonable. Plaintiffs' motion as to prejudgment interest is therefore denied.

## CONCLUSION

For the foregoing reasons, the cross motions for summary judgment are GRANTED in part and DENIED in part. Plaintiff's motion to seal (ECF No. 20) pursuant to Federal Rule of Civil Procedure 5.2 is also GRANTED for the reasons set forth in the application—namely, that sealing is necessary to prevent the release of identifying information of a minor. *See* FED. R. CIV. P. 5.2(a).

Separately, because the pending motions did not brief or address Plaintiffs' request for attorney's fees pursuant to 20 U.S.C. § 1415(i)(3), the parties are directed to confer regarding Plaintiffs' request to determine whether settlement of this issue is feasible. The parties shall file a letter by **November 3, 2025** with a proposed briefing schedule on this issue if the parties are unable to resolve the issue of fees before then.

The Clerk of Court is respectfully directed to terminate ECF Nos. 16, 20, and 23.

Dated: September 24, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge